CV 07 4221

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>Marvin Simpson,<br>　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>County of Suffolk, Suffolk County Police<br>Department, PO Michael Rosen,<br>PO Joseph Collins, JOHN DOE #1,<br>JOHN DOE #2, JOHN DOE #3,<br>JOHN DOE #4, JOHN DOE #5, &<br>JOHN DOE #6, (Suffolk County Police<br>Officers involved in this incident, are sued<br>in their individual and official capacities),<br><br>　　　　　　　　　Defendants.<br>-----------------------------------------------------------X | FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br><br>★　OCT 10 2007　★<br><br>LONG ISLAND OFFICE<br><br>WEXLER, J.<br><br>TOMLINSON, M<br><br>CV (S.F.)<br>COMPLAINT<br>JURY TRIAL DEMANDED |

　　　　Plaintiff by his attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of the Defendants alleges as follows.

### *Preliminary Statement*

　　　　This is a civil rights action filed by plaintiff Marvin Simpson for damages under 42 U.S.C. Section 1983 alleging deprivation of plaintiff rights secured by the Due Process Clause of the Fourteenth Amendment to not be punished without Due Process and Equal Protection of law or deprived of liberty without probable cause, and to be free from cruel and inhuman punishment under the Eighth Amendment. The plaintiff also alleges the *prima facia* tort, negligence, gross negligence, assault, and battery upon the plaintiff, false imprisonment, and negligent hiring, retention, and supervision of the defendants' employees and agents, which are actionable under the laws of the State of New York. As well as Race discrimination.

### *Jurisdiction*

FIRST: This Court has jurisdiction over the plaintiff's claim of Federal constitutional rights under 28 U.S.C. Sections 1331 and 1343.

SECOND: This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367. *Prima facia* tort, negligence, gross negligence, assault, and battery upon the plaintiff, and negligent hiring, retention, and supervision of the defendants' employees and agents, which are actionable under the laws of the State of New York, forms part of the same case and controversy.

### *Parties*

THIRD: At all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Suffolk, State of New York.

FOURTH: That at all times hereinafter mentioned, the defendant, the County of Suffolk, was a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York. The County of Suffolk operates, manages, and controls the Suffolk County Police Department, which carelessly, negligently, and recklessly supervised, controlled, managed, maintained and inspected the activities of the other named and unnamed defendants.

FIFTH: That at all times hereinafter mentioned, the defendant POLICE OFFICER MICHAEL ROSEN, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of State law. That at all times hereunder mentioned, POLICE OFFICER MICHAEL ROSEN, was and still is an agent, servant, and/or employee of the

defendant, the County of Suffolk, and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

SIXTH: That at all times hereinafter mentioned, the defendant POLICE OFFICER JOSEPH COLLINS, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of State law. That at all times hereunder mentioned, POLICE OFFICER JOSEPH COLLINS, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

SEVENTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 1, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 1, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

EIGTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 2, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 2, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

NINTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 3, was a resident of the State of New York. He is sued individually and in his official

capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 3, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

TENTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 4, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 4, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

ELEVENTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 5, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 5, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

TWEFLTH: That at all times hereinafter mentioned, the defendant JOHN DOE # 6, was a resident of the State of New York. He is sued individually and in his official capacity. At all times relevant to this complaint he was acting under the color of state law. That at all times hereunder mentioned, JOHN DOE # 6, was and still is an agent, servant, and/or employee of the defendant, the County of Suffolk and willfully and with the intent to cause harm to plaintiff knowingly violated plaintiff's constitutional rights.

***Facts***

THIRTEENTH:    That prior to the commencement of this action and within ninety (90) days after the cause of action herein arose, the plaintiff duly served upon defendant, the County of Suffolk, a Notice of Claim in writing.

FOURTEENTH:    More than 30 days have elapsed since the demand and/or claim upon which this action is predicated against the defendant was presented to the County of Suffolk for adjustment and/or payment thereof, and it has neglected and/or refused to make any adjustments and/or payment.

FIFTEENTH: That the plaintiff gave testimony at a hearing held on April 3, 2007, by the County of Suffolk.

SIXTEENTH:    On October 14, 2006, at on or about 8:40 p.m. in the vicinity of 1293 Straight Path, Wyandanch New York, (grocery store) the plaintiff was, without or provocation, maliciously, recklessly, negligently and/or intentionally assaulted and battered, falsely arrested, handcuffed and imprisoned, by defendants, causing injury to plaintiff.

SEVENTEENTH:    On October 14, 2006, at or about 8:40pm, plaintiff drove his 2001 Nissan Maxima, (vehicle) to the above referenced grocery store, by himself, to purchase, chips, soda and devil dogs.

EIGHTEENTH:    Upon exiting his vehicle he closed the drivers door. In fact all four (4) doors of the vehicle were closed when plaintiff exited his vehicle.

NINETEENTH:    Subsequent to plaintiff's purchases, he exited the grocery store and saw that three (3) of his vehicle's doors were opened wide, and their were people inside his vehicle. At no time did plaintiff give permission for anybody to be inside his vehicle.

TWENTY: The people going through plaintiff's car where in plain and not police uniforms clothes.

TWENTY FIRST: As plaintiff approached his vehicle he inquired to the people inside his vehicle as to what they were doing going through his car. Plaintiff did not receive a response.

TWENTY SECOND: During his good faith inquiry to the individuals inside his vehicle, plaintiff was grabbed and pulled away by a uniformed Suffolk County Police Officer (PO). Plaintiff was subjected to false imprisonment, in that plaintiff subjected to forced constraint and detention by defendants, and was deprived of his personal liberty, without warrant. Defendants' unlawful touching of plaintiff without justification or excuse was an assault and battery of plaintiff.

TWENTY THIRD: While being physically held against his will by defendant PO, plaintiff saw an identified Suffolk County Police vehicle blocking his vehicle from movement. Both plaintiff and his vehicle were being involuntarily detained.

TWENTY FOURTH: Plaintiff requested several times to the PO that was holding him against his will, as to what was going on why and who were the individuals inside his car.

TWENTY FIFTH: There came a time when the individuals going through plaintiff's car stopped, and closed the three (3) doors. At that time the PO released his hold on plaintiff and directed plaintiff to get in his car and leave. No explanation of the events described thus far to plaintiff was offered by any of the defendants to plaintiff.

TWENTY SIXTH: As plaintiff proceeded to his vehicle, a plain clothes officer walked with him.

TWENTY SEVENTH: The plain clothes officer then directed the uniformed PO to hold plaintiff. Plaintiff was subjected to false imprisonment, in that plaintiff subjected to forced constraint and detention by defendants, and was deprived of his personal liberty, without warrant.

TWENTY EIGHTH: The plain clothes officer then opened plaintiff's driver's door and took plaintiff's keys from plaintiff. Plaintiff at no time offered and/or was asked to provide his keys to the plain clothes officer.

TWENTY NINTH: The plain clothes officer then proceeded to go inside and search plaintiff's vehicle for a second time. Other officers joined the plain clothes officer. The officers opened all four doors, the hood, the trunk, a complete second search of plaintiff's vehicle was performed. At no time did plaintiff give any officer to search his vehicle for a second time, and at no time was plaintiff asked by defendant if a search of his vehicle could be performed. Defendants' unlawful touching of plaintiff without justification or excuse was an assault and battery of plaintiff.

THIRTY: After a second search, the plain clothes officer began yelling to hold plaintiff. Plaintiff was once again physically restrained from moving by a defendant PO.

THIRTY FOURTH: Plaintiff was asked by a defendant PO, about brass knuckles in which plaintiff stated were his.

THIRTY FIFTH: A defendant PO then asked plaintiff if he was ever arrested before.

THIRTY SIXTH: Plaintiff told the PO he was never arrested before.

THIRTY SEVENTH: The PO then asked for plaintiff's license.

THIRTY EIGHTH:   The PO then asked plaintiff again if he had ever been arrested. Plaintiff told him no.

THIRTY NINTH:   Plaintiff told the PO that he lived in Wyandanch his entire life, to which the PO responded, "you have been living in Wyandanch you whole life and you never been arrested"? Plaintiff responded no.

FORTY:   Another PO came over to where plaintiff was being held, and said to plaintiff "you been in Wyandanch your whole life and you never been arrested"? To which plaintiff responded no.

FORTY FIRST:   Once again the defendant PO stated to plaintiff "you mean you be living in Wyandanch your whole life, (Pause) they you are going into the system tonight.

FORTY SECOND:   Plaintiff inquired as to why he was going into the system and why the PO was going to tarnish plaintiff's record, to which the PO responded "I'm not tarnishing your record, you are."

FORTY THIRD:   One defendant PO then told another defendant PO to search plaintiff.

FORTY FOURTH:   Plaintiff was searched by the two (2) defendant PO's at the same time.

FORTY FIFTH:   One of the defendant PO's placed his hand inside plaintiff's back pocket, and inside plaintiff's socks. No reason for the search of plaintiff's body was advised by the PO's and no explanation for the first and second search of plaintiff's vehicle was ever advised by any of the PO's.

FORTY SIXTH:  Then one of PO's told plaintiff, within inches of plaintiff's face that plaintiff was going to jail.

FORTY SEVENTH:  The PO that told plaintiff he was going to jail, spun him around and placed handcuffs on plaintiff wrists.

FORTY EIGHTH:  At no time prior to being arrested or placed in handcuffs, or prior to being placed in the Police car, was plaintiff provided with his Miranda rights.

FORTY NINTH:  Plaintiff was then taken to the First Precinct, Suffolk County.

FIFTY:  Plaintiff was then handcuffed to a table and questioned.

FIFTY FIRST:  Plaintiff was never advised of his rights to have a lawyer present.

FIFTY SECOND:  Plaintiff was photographed and fingerprinted.

FIFTY THIRD:  The plaintiff was detained in police custody at the police precinct against his will and without his consent.

FIFTY FOURTH:  The PO advised plaintiff advised plaintiff that since he had been good for forty (40) years, that as long as he good for six months or something, it will be okay.

FIFTY FIFTH:  As a result of defendants' violation of plaintiff's rights, plaintiff is charged with a crime and is currently pending in Supreme Court Suffolk County.

FIFTY SIXTH:  While plaintiff was detained at the police precinct against his will and without his consent he was maliciously, recklessly, negligently and /or intentionally handcuffed and imprisoned, by defendants.

FIFTY SEVENTH: While plaintiff was detained at the police precinct against his will and without his consent defendants' ROSEN and COLLINS, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4 JOHN DOE #5 and JOHN DOE #6 subjected plaintiff to unnecessary serious mental abuse.

FIFTY EIGHTH. As a direct and proximate result of the misconduct of the defendants as aforesaid, the plaintiff sustained emotional pain and suffering, the plaintiff.

FIFTY NINTH. As a direct and proximate result of the misconduct of the defendants as aforesaid, the plaintiff has sustained and continues to sustain financial harm, in having to retain counsel for said violations of his constitutional rights.

SIXTY: As a direct and proximate result of the misconduct of the defendants as aforesaid, the plaintiff has sustained and continues to sustain emotional harm as he no longer feels confident and/or comfortable when in view of a Suffolk County Police Officer.

SIXTY FIRST:

## *Claims for Relief*

SIXTY FIRST: The defendant's The County of Suffolk, the Suffolk County Police Department, Police Officers Rosen, Collins, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Dow #6, without just cause or provocation violated the plaintiff's civil rights by maliciously, recklessly, negligently and/or intentionally falsely arrested, handcuffed and imprisoned plaintiff.

SIXTY SECOND: Defendant's acts resulted in plaintiff being deprived of his rights under the Due Process Clause of the Fourteenth Amendment, detained without probable cause, punished without Due Process and inflicted cruel and unusual

punishment in violation of the Eighth Amendment. Defendant's acts were in violation of 42 U.S.C. Section 1983, causing plaintiff to sustain serious physical injury and mental injuries. Due to plaintiff's Race.

SIXTY THIRD: The acts and conduct of the defendants alleged in the above stated claims for relief constitute false arrest, unlawful imprisonment, *prima facia* tort, negligence, gross negligence, assault, and battery committed upon the plaintiff. Due to plaintiff's Race.

WHEREFORE the plaintiff demands judgment against the defendants as follows:

1. Actual, compensatory and punitive damages to be determined by the trier(s) of fact on behalf of plaintiff and against the defendants jointly and severally for 42 U.S.C. Section 1983 alleging deprivation of plaintiff rights secured by the Due Process Clause of the Fourteenth Amendment to not be punished without Due Process and Equal Protection of law or deprived of liberty without probable cause, and to be free from cruel and inhuman punishment under the Eighth Amendment, *prima facia* tort, negligence, gross negligence, assault, and battery false imprisonment, negligent hiring, retention, and supervision of the defendants' employees and agents, and Race discrimination.

2. Reasonable attorney fees pursuant to 42 U.S.C. Section 1988 and for the costs and disbursements of this action;

3. Such other further relief as appears reasonable and just.

Dated: Islandia New York
   October 10, 2007,   SCOTT MICHAEL MISHKIN PC

               By: _____
                 Scott Michael Mishkin, Esq. (SMM 3687)
                 One Suffolk Square Suite 240
                 Islandia, New York 11749
                 Tel.: 631-234-1154